IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WALTER FALLS,

    Movant,

v.                                               Case No. 5:16-mc-2-MW-GRJ

DEP'T OF DEFENSE,

    Respondent.
_____/

### AMENDED REPORT AND RECOMMENDATION[1]

Movant Walter Falls initiated this case by filing ECF No. 1, a *pro se* "Motion to Challenge Government's Access to Financial Records" challenging the Department of Defense's (DoD) Inspector General's subpoena seeking access to Movant's financial records under the customer challenge provisions of the Right to Financial Privacy Act of 1978, 12 U.S.C. 21 § 3401 et seq. ("RFPA"). Pursuant to the Court's Order, Movant filed a *pro se* Amended Motion, ECF No. 5. Movant then filed, through counsel, a motion to quash the subpoena, or alternatively to require the DoD to respond to the motion. ECF No. 7. The Court ordered the DoD to respond, and the DoD has now filed a response in opposition.

---

[1] This report and recommendation amends, ECF No. 12, for the sole purpose of adding the notice to the parties of their right to object to the report and recommendation.

ECF No. 11.  Upon due consideration of the motion and the DoD's response, it is recommended that the motion to quash be denied.[2]

## Background

The subpoena at issue is directed to the Air Force Credit Union, San Antonio, Texas, and seeks records pertaining to Movant's identified account for the reason that Movant "is suspected of violating one or more punitive Articles of the Uniform Code of Military Justice, for the period September 28, 2015 through July 31, 2016".  ECF No. 1 at 6.  The specified records include statements, correspondence, deposit and withdrawal records, wire transfers, ATM transactions, debit and credit card transactions, checks, and records reflecting account ownership.  *Id*. at 7.

The motion to quash, ECF No. 7, argues that because Petitioner is not the sole user on the account, financial records related to "irrelevant and potentially privileged third party transactions on the account must be withheld."  Movant contends that the subpoena is too broad to serve a legitimate law enforcement function because it seeks more than ten months of financial records, as well as correspondence and communications between Movant and third parties, including his spouse.

---

[2]After the Government filed its response, counsel for movant contacted the undersigned's chambers to request a hearing on the motion.  The Court finds that a hearing is unnecessary.

Movant contends that the Respondent provided no evidence that the subpoena as written would reasonably lead to admissible evidence or is tailored to ensure the privacy of third party account holders.  Movant's affidavit contends that the financial records have no connection to the investigation and that investigators failed to submit an affidavit in support of the subpoena.  ECF No. 5.   Ta'Mara Falls' affidavit states that she is a "primary user" of the account.  ECF No. 7 Exh. 1.

The DoD has submitted the affidavit of U.S. Air Force Office of Special Investigations (AFOSI) Special Agent Erin Delaney in support of its opposition to the motion to quash.  ECF No. 11 at 25-28.  In summary, the DoD issued the subpoena in connection with an investigation into allegations that Movant, an Air Force Staff Sergeant, wrongfully took approximately $9183.00 from a safe on the Red Horse training compound containing funds collected for MREs during two training classes in December 2015 and March 2016.  Movant was assigned responsibility for depositing the funds at issue, but the Tyndall AFB finance office had no record of the deposit.  The investigation commenced in June 2016 when the missing funds were reported by another service member.  As detailed in Delaney's affidavit, the investigation has ruled out other personnel as suspects.  The investigation has further revealed that Movant has faced

personal financial issues, including failure to pay his Government Travel Card on three occasions and difficulty making child support payments. Movant's wife, Ta'Mara Falls, is involved in a lengthy court custody proceeding with her ex-husband to determine the custody of her child. *Id*.

On October 11, 2016, Movant was served with a copy of the subpoena, together with the required customer notice information. Delaney's affidavit states that the financial records will help demonstrate whether Movant deposited the missing money into his account for the purpose of alleviating debt, whether and for what purpose he withdrew the funds, and the records will assist in tracing the funds the Movant is suspected of stealing, thereby facilitating efforts to recover the funds. *Id*.[3]

## Discussion

"The RFPA provides only three grounds on which the district court may quash a subpoena: (1) the agency's inquiry is not a legitimate law enforcement inquiry or (2) the records requested are not relevant to the

---

[3]The Respondent argues that the motion to quash should be denied as untimely because under the RFPA, 12 U.S.C. § 3410(a) Movant was required to file his challenge to the subpoena within ten days of being served with a copy on October 11, 2016.  Movant filed timely though "incomplete" pleadings in this Court on October 18, 2016.  ECF No. 11 at 18-19.  The Court ordered Movant to file an amended motion on or before November 4, 2016.  Movant timely filed an affidavit on that date, ECF No. 5, but the motion to quash was not filed by counsel until November 28, 2016.  ECF No. 7.  Because it is clear that the motion to quash is due to be denied on the merits, and Movant timely initiated his *pro se* challenge in this Court, the undersigned does not recommend that the motion to quash be denied as untimely.

agency's inquiry or (3) the agency has not substantially complied with the RFPA." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir.1989); *see also* 12 U.S.C. § 3410(c)). Movant makes no argument that the DoD has not substantially complied with the RFPA. The Court discusses each of the remaining two issues in turn as they relate to the subpoena in this case.

**1. <u>Legitimate Law Enforcement Inquiry</u>**

The motion to quash suggests that the subpoena is too broad to serve a legitimate law enforcement function because it seeks over ten months of financial records and includes records pertaining to a joint account holder, Ta'Mara Walls. The motion further contends that the DoD IG has not shown that the subpoena would reasonably lead to admissible evidence or that it is narrowly tailored to protect the privacy of third parties. ECF No. 7.

The Inspector General Act of 1978 gives Respondent broad power to conduct investigations and specifically grants Respondent the power to subpoena documents relevant to such investigations. *See* 5 U.S.C. App. 3 §§ 4(a)(1), 6(a)(4). Given this broad grant of authority and the detailed representations in Respondent's opposition and Delaney's affidavit regarding a purported theft and the reasons for investigating Movant's role

in the alleged theft, it is apparent that the Respondent is engaged in a legitimate law enforcement inquiry implicating the Movant. Arguments regarding the scope of the subpoena implicate the relevance of the records sought and are addressed below.

**2. Relevance of Records**

Movant's affidavit states, without explanation, that the account records have nothing to do with the subject matter of the DoD IG's investigation. ECF No. 5. In the motion to quash, the Movant's relevance argument focuses on the fact that Petitioner is a joint account holder with his wife, and asserts that "irrelevant and potentially privileged third party transactions on the account must be withheld." ECF No. 7.

Although Respondent has the ultimate burden of proving the financial records are relevant, "the initial burden of production is on the movant to offer proof of facts which show that the documents requested have no connection with the subject matter of the investigation." *Breakey v. Inspector Gen. of U.S. Dep't of Agric.*, 836 F.Supp. 422, 425 (E.D. Mich.1993) (citing *Hancock v. Marshall,* 86 F.R.D. 209, 211 (D.D.C.1980)). Apart from the fact that Movant is a joint account holder, he has alleged no facts showing that the requested account records have no connection to the underlying theft investigation. Moreover, "the fact that the accounts are

jointly held has no bearing on the relevancy analysis because Movant still has access to these accounts." *Walton v. U.S. Postal Service*, 2013 WL 5522837 *1 (M.D. Ga. 2013). In addition, "'for purposes of an administrative subpoena the notion of relevancy is a broad one. . . . So long as the material requested touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant.'" *Walton*, 2013 WL 5522837 *3 (quoting *Sandsend Fin. Consultants Ltd.*, 878 F.2d at 882).

In this case, Movant's bank records are plainly relevant to the investigation of the missing funds over which Movant had responsibility and could "shed light on his suspected participation in the theft." *Id*. The subpoena includes records for approximately two months prior to the December 2015 Red Horse training session for which MRE funds were collected, and four months after the March 2016 session. The Court concludes that this time period is not unreasonable as the records may reflect a financial motive for the theft and disposition of any funds that Movant may have appropriated.

## Conclusion

For the foregoing reasons, it is respectfully recommended that the

motion to quash, ECF No. 7, should be **DENIED** and this case should be closed.

    **IN CHAMBERS** this 9th day of February 2017.

                        *s/Gary R. Jones*
                        GARY R. JONES
                        United States Magistrate Judge

### NOTICE TO THE PARTIES

    Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.